UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 26, 2006
Decided May 26, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 05-4227

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee,*<br><br>        v.<br><br>CHRISTOPHER ANFIELD,<br>    *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division<br><br>No. 2:05 cr 53-01<br><br>Rudy Lozano,<br>*Judge.* |

**O R D E R**

Newly appointed counsel for Christopher Anfield asks permission under *Anders v. California*, 386 U.S. 738 (1967), to withdraw from representing him in his appeal from a conviction and 168-month below-guidelines prison sentence for possessing crack cocaine with intent to distribute, *see* 21 U.S.C. § 841(a)(1). Although we invited Anfield to respond to his lawyer's brief, *see* Cir. R. 51(b), he has not done so. Therefore, we confine our inquiry to the issues identified by counsel's brief.

Anfield threw a bag containing nearly 30 grams of crack out of a car window after police signaled him to pull over for speeding. He pleaded guilty pursuant to a

written agreement that includes a waiver of his right to appeal his conviction or sentence. Owing to that appeal waiver, counsel maintains that the appeal is frivolous. We agree. Appeal waivers like Anfield's are enforceable so long as they are made voluntarily and result in a sentence that is neither above the statutory maximum nor based on any constitutionally impermissible factors. *See United States v. Lockwood*, 416 F.3d 604, 608 (7th Cir. 2005); *United States v. Bownes*, 405 F.3d 634, 637 (7th Cir. 2005). None of those caveats concerns us here.

Indeed, although counsel informs us that Anfield wishes to challenge his plea and the appeal waiver as involuntary, nothing in the record supports such an argument. Instead, the district court substantially complied with Rule 11 of the Federal Rules of Criminal Procedure and, among other things, explained the effects of the appeal waiver. For his part, Anfield at sentencing momentarily claimed that his plea was involuntary but quickly changed his mind and reaffirmed the plea. Thus, even if he did not waive his involuntariness argument altogether, he failed to preserve it for review and must show plain error, *see United States v. Dominguez Benitez*, 542 U.S. 74, 76 (2004); *United States v. Vonn*, 535 U.S. 55, 63 (2002), which he cannot do.

Counsel's motion is **GRANTED,** and Anfield's appeal is **DISMISSED**.